IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JERRY BAKER,

      Plaintiff,                         No.  2:13-cv-0174 AC P

   vs.

MARSH, et al.,

      Defendants.             ORDER

_____/

      Plaintiff, a county prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983, and has moved: (1) for proof of his "pro per" status (ECF No. 5); and (2) to proceed in forma pauperis (ECF No. 6).  Plaintiff has consented to the jurisdiction of the undersigned.  ECF No. 7.

      In his complaint, filed when plaintiff was a prisoner at Solano County Jail, plaintiff seeks a total of $600,000,000.00 in damages from four defendants, who appear to be employees of the Solano County Jail, on grounds that defendants "violated [plaintiff's] 8th Amendment right by leaving me in restraints for several hours at a time when it was not necessary."  ECF No. 1 at 3.  Plaintiff also seeks injunctive relief in the form of an order that the jail not leave inmates in restraints when in cells by themselves.  Id.  A review of the docket

1

reflects that plaintiff has since been moved from Solano County Jail to Sacramento County Main Jail. ECF No. 4 (address change filed February 21, 2013).

*Motion to Proceed In Forma Pauperis*

On April 10, 2013, the undersigned filed an order to show cause in another case filed by this plaintiff, directing plaintiff to show cause why his in forma pauperis status should not be revoked in that case under 28 U.S.C. § 1915(g). See Baker v. Marsh, Case No. 13-cv-0172 WBS AC P, ECF No. 10. For the reasons cited in the undersigned's April 10, 2013 order, the undersigned will similarly direct plaintiff to show cause, within 21 days, why his application to proceed in forma pauperis in this case should not be denied pursuant to 28 U.S.C. § 1915(g).

28 U.S.C. § 1915 permits any court of the United States to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit indicating that the person is unable to pay such fees. However,

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The plain language of the statute (§ 1915(g)) makes clear that a prisoner is precluded from bringing a civil action or an appeal in forma pauperis if the prisoner has brought three frivolous actions and/or appeals (or any combination thereof totaling three). See Rodriguez v. Cook, 169 F.3d 1176, 1178 (9th Cir.1999). 28 U.S.C. § 1915(g) should only be used to deny in forma pauperis status upon a determination that each potential strike is carefully evaluated to determine that it was dismissed as frivolous, malicious, or for failure to state a claim. Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005).

The Court of Appeals for the Ninth Circuit has further held that a dismissal for

failure to state a claim constitutes a strike, whether dismissal is with or without prejudice. O'Neal v. Price, 531 F.3d 1146, 1155-56 (9th Cir. 2008). However, a district court strike is not final until any appeal taken from the strike is resolved. Silva v. Di Vittorio, 658 F.3d 1090 (9th Cir. 2011).

"Under the PLRA,[1] prisoners who have three complaints dismissed under section 1915(e)(2) are barred from filing additional in forma pauperis complaints unless they are 'under imminent danger of serious physical injury.'" 28 U.S.C. § 1915(g). See also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000). To meet the exception, plaintiff must have alleged facts that demonstrate that he was "under imminent danger" at the time of filing the complaint. Andrews v. Cervantes, 493 F.3d 1047, 1052-53 (9th Cir. 2007).

On March 12, 2013, the court dismissed plaintiff's action in Baker v. Marsh without prejudice to re-filing upon plaintiff's pre-payment of the filing fee. See Case No. 2:13-cv-0171 GEB EFB P, ECF No. 5. In that case, the court determined that plaintiff was barred from proceeding in forma pauperis under 28 U.S.C. § 1915(g). The court identified the following as strikes under the statute:

   (1) Baker v. Todd, 2:10-cv-1827 MCE EFB (action dismissed by
       order filed on March 21, 2011 for failure to state a claim);

   (2) Baker v. Jones, 2:12-cv-0404 WBS EFB (action dismissed by
       order filed on September 18, 2012 for failure to prosecute and
       failure to state a claim); and

   (3) Baker v. Marsh, 2:12-cv-0555 GEB EFB (action dismissed by
       order filed on October 24, 2012 for failure to prosecute and failure
       to state a claim).

A review of the court's records reflects that no appeal was taken in any of these three cases, and

---

[1] Prison Litigation Reform Act of 1995 (PLRA), effective April 26, 1996.

3

that the time for doing so has expired.  The undersigned additionally observes that plaintiff has filed no less than 24 civil rights cases in this district court since 2008.

Therefore, this court finds that plaintiff is precluded from proceeding in forma pauperis unless plaintiff "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).  To meet this exception, the complaint must allege facts demonstrating that plaintiff was under imminent danger of serious physical injury at the time of filing the complaint. Andrews v. Cervantes, 493 F.3d at 1053 (availability of the exception turns on conditions prisoner faced at the time the complaint was filed, not at some earlier or later time).

As noted above, plaintiff seeks money damages and injunctive relief against four individual employees of the Solano County Jail for violations of the Eighth Amendment during an unspecified time period.  However, plaintiff gives no information about when defendants placed him in restraints, if the restraints caused him serious physical injuries, or whether the defendants continued to place plaintiff in restraints at the time the complaint was filed. Accordingly, plaintiff will be directed to show cause why his motion to proceed in forma pauperis should not be denied, or, in the alternative, to pre-pay the entire filing fee.

*Motion for "Pro Per" Status*

Plaintiff asks that the court provide him with proof of his "pro per" status so that he may be allowed to use the law library at Sacramento County Main Jail.  ECF No. 5 at 1.  The Clerk will be directed to provide plaintiff with a copy of the docket for this case, which shows that plaintiff represents himself in this action.

Accordingly, IT IS ORDERED that:

1. Plaintiff's motion for proof of his "pro per" status (ECF No. 5) is granted;

2. The Clerk is directed to provide plaintiff with a copy of the docket for this action;

3. Plaintiff, within twenty-one (21) days, must show cause why he should not be barred, pursuant to 28 U.S.C. § 1915(g), from proceeding in this action;

4. In the alternative, plaintiff must submit the entire filing fee of $350.00, within twenty-eight days of the date of this order.

5. Failure to show cause, or to pay the filing fee, will result in dismissal of this action.

DATED: April 12, 2013.

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

AC:rb
bake0174.3strikes